## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LEE A. BROWN**                                              **CIVIL ACTION**

**versus**                                                   **NO. 11-1102**

**ROBERT TANNER, WARDEN**                                    **SECTION: "A" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Lee A. Brown, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana.  On October 30, 2007, he entered a plea of "No Contest" to the offense of oral sexual battery and was sentenced to a term of ten years imprisonment without benefit of probation, parole, or suspension of sentence.[1]

---

[1] State Rec., Vol. I of IV, transcript of October 30, 2007; State Rec., Vol. I of IV, minute entry dated October 30, 2007.

On September 25, 2008, petitioner filed with the state district court a motion to clarify sentence, which was denied on October 8, 2008.[2]

On July 10, 2009, petitioner filed with the state district court an application for post-conviction relief, which was denied on July 22, 2009.[3]  His related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on November 9, 2009,[4] and by the Louisiana Supreme Court on December 10, 2010.[5]

Petitioner thereafter filed the instant federal application for *habeas corpus* relief on April 1, 2011.[6]  The state argues that the application is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

[2]  State Rec., Vol. I of IV.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because the certificate of service on the motion is dated September 25, 2008, it obviously was placed in the mail no earlier than that date.

[3]  State Rec., Vol. II of IV.  The supporting memorandum accompanying that application was signed  on July 10, 2009, and so that is the earliest date the application could have been placed in the prison mail system.

[4]  State v. Brown, No. 2009 KW 1535 (La. App. 1st Cir. Nov. 9, 2009); State Rec., Vol. I of IV.

[5]  State *ex rel.* Brown v. State, 51 So.3d 717 (La. 2010) (No. 2009-KH-2762); State Rec., Vol. I of IV.

[6]  Rec. Doc. 1.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner's application was placed in the prison mail system on April 1, 2011.  Rec. Doc. 1, p. 15.

underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[7]

As noted, petitioner entered a plea of "No Contest" and was sentenced on October 30, 2007. Therefore, his conviction and sentence became final no later than November 29, 2007.[8] Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), his period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

After three hundred (300) days elapsed, petitioner arguably tolled the federal limitations period on September 25, 2008, by filing his motion to clarify sentence with the state

---

[7] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case. See *infra* notes 11 and 12.

[8] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal); La.C.Cr.P. art. 914 (a defendant has thirty days to appeal).

The Court notes that, subject to certain exceptions, a plea of "No Contest," like a plea of guilty, normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. State v. Despanie, 949 So.2d 1260, 1265-66 (La. App. 3rd Cir. 2007) (plea of "No Contest"); see State v. Crosby, 338 So.2d 584 (La. 1976) (guilty plea). In this case, however, the Court need not decide whether petitioner had a right to appeal his conviction pursuant to article 914, in that his application for federal *habeas corpus* relief is untimely regardless of whether his conviction was final upon the expiration of the time within which to notice an intent to appeal (November 29, 2007) or upon his plea (October 30, 2007).

district court.  Although that application was denied on October 8, 2008, tolling continued until

November 7, 2008, when his thirty-day period for seeking further review expired.  See Louisiana

Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon v. Kaylo, 259 F.3d 401, 404-06

(5th Cir. 2001); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *3 & n.24 (E.D.

La. Aug. 15, 2007).

   At that point, petitioner had only sixty-five (65) days of the federal limitations period

remaining, meaning that the period expired on January 12, 2009,[9] unless the deadline was again

extended by additional tolling.  However, because petitioner had no other applications for state post-

conviction relief or other collateral review pending at any time during that period, he clearly is not

entitled to further statutory tolling.[10]

---

[9]  Because the sixty-fifth day fell on Sunday, January 11, 2009, the federal limitations period was extended by one additional day.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

[10]  In the chronology recounted earlier in this opinion, the Court did not include the applications petitioner filed over the years seeking documents.  Such requests for documents cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes. Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003);  Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).  Therefore, those filings are irrelevant in this federal proceeding.
  The Court also notes that petitioner subsequently filed a state post-conviction application on July 10, 2009.  However, because that application was filed *after* the expiration of the federal statute of limitations, it had no bearing on the timeliness of his federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).  Simply put, once the federal limitations period expired, "[t]here was nothing to toll."  Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008)

That said, this Court's inquiry is not at an end because the United States Supreme Court has held that the AEDPA's statute of limitations is also subject to *equitable* tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

In the instant case, petitioner argues that equitable tolling is warranted on two grounds.

First, he argues that he should be granted equitable tolling because he did not have access to an adequate law library until he arrived at the B.B. "Sixty" Rayburn Correctional Center on March 30, 2008. However, lack of access to an adequate law library is insufficient to warrant equitable tolling, especially when, as here, the petitioner in fact gained access to an adequate library long before his limitations period expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000).[11]

---

[11] The Court notes that, in arguing that he is entitled to equitable tolling, petitioner references 28 U.S.C. § 2244(d)(1)(b); however, that provision does not concern equitable tolling. Rather, it is a statutory provision which delays the commencement of the federal limitations period until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(b). Nevertheless, even if petitioner's argument is considered under that provision, it fares no better. See Krause v. Thaler, 637 F.3d 558 (5th Cir.

Second, he argues that equitable tolling is warranted due to delays in receiving records relating to his criminal prosecution. However, such delays do not normally warrant equitable tolling. See, e.g., Hart v. Deville, Civ. Action No. 10-990, 2011 WL 1226474, at *2 (E.D. La. Mar. 29, 2011) (Vance, J.) ("A state court's delay in furnishing petitioner with a transcript, however, does not establish a basis for equitable tolling."); Cade v. Miller, Civ. Action No. 03-3387, 2005 WL 3541142, at *3 (E.D. La. Oct. 20, 2005) (Berrigan, J.) (same). Nevertheless, *even if* petitioner could establish that the delays here constituted an "extraordinary circumstance" which prevented a timely filing, that would be only half the battle. As noted, for equitable tolling to be warranted, petitioner must *also* show that he diligently pursued his rights. Petitioner cannot make that required showing because he concedes that he received the documents in question in January of 2009. Therefore, even after the documents were in his possession, he waited more than five months before filing his state post-conviction application on July 10, 2009. Further, once those proceedings concluded with the denial of relief by the Louisiana Supreme Court on December 10, 2010, he waited over three additional months before filing his federal application. Accordingly, he squandered *more than eight months* after obtaining the supposedly necessary documents. Such an extended delay in pursing his rights falls far short of the diligence required to support a bid for equitable tolling. See, e.g., Lann v. Dretke, 111 Fed. App'x 236, 237 (5th Cir. 2004) (no equitable tolling when prisoner waited five months after denial of relief in state court before filing a federal

2011) (petitioner could not show that he was prevented from filing a timely petition due to lack of access to an adequate law library; the Court of Appeals noted, *inter alia*, that petitioner was transferred to a facility with an adequate law library approximately three months *prior* to the expiration of the limitations period).

petition); Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001) (no equitable tolling when prisoner waited four months after denial of relief in state court before filing a federal petition); Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) (no equitable tolling when prisoner waited six months after receiving notice of the denial of state relief before filing a federal petition).  "Equity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).[12]

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before January 12, 2009, in order to be timely.  His federal application was filed no earlier than April 1, 2011, and it is therefore untimely.

Nevertheless, in the event the United States District Judge determines that the instant federal application is timely, the undersigned alternatively recommends that petitioner's claims be dismissed with prejudice on the merits for the following reasons.

Petitioner's first claim is that he was denied due process in the state post-conviction proceedings.  However, even if that were true, which is an issue the Court need not and does not reach, it would be of no moment in his federal proceeding.  Federal *habeas corpus* relief cannot be granted based on errors which occurred in state *post-conviction* proceedings.  Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("[E]rrors in a state habeas proceeding cannot serve as a basis for

---

[12]   Moreover, again, even if petitioner's argument is considered under 28 U.S.C. § 2244(d)(1)(b), it has no merit.  Delays in obtaining court documents are not "impediments" which "prevent" a federal filing within the meaning of § 2244(d)(1)(b).  See, e.g., Crawford v. Costello, 27 Fed. App'x 57, 59 (2nd Cir. 2001); Brooks v. Goodwin, Civ. Action No. 09-1067, 2009 WL 3157037, at *3 (W.D. La. Sept. 28, 2009); Cole v. Director, TDCJ-CID, Civ. Action No. 6:09cv128, 2009 WL 1468470, at *2 (E.D. Tex. May 26, 2009).

setting aside a valid original conviction.  An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself." (internal quotation marks omitted)); see also Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999) ("[O]ur circuit precedent makes abundantly clear that errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief.  Rather, we must find constitutional error at the trial or direct review level in order to issue the writ." (citations omitted)); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *2 n.23 (E.D. La. Aug. 15, 2007).

Petitioner's second claim is that his conviction violates the Double Jeopardy Clause because he was convicted of a similar crime in case number 502592.  In the instant case, petitioner was charged by grand jury indictment of the aggravated rape of "W.S." on the date of June 15, 2005.[13]  As noted, he entered a plea of "No Contest" to the lesser charge of oral sexual battery.[14]  In case number 502592, petitioner was charged with the offense of oral sexual battery of "W.S." during the month of January of 2005.[15]  He also entered a plea of "No Contest" to that charge.[16]

---

[13]  Rec. Doc. 1, p. 134.

[14]  State Rec., Vol. I of IV, transcript of October 30, 2007; State Rec., Vol. I of IV, minute entry dated October 30, 2007.

[15]  State Rec., Vol. I of IV, bill of information (case number 502592).  The bill information originally charged petitioner under La.Rev.Stat.Ann. § 14:43.1 with the offense of sexual battery of "C.B." during the month of January of 2005, but it was later amended.

[16]  State Rec., Vol. I of IV, minute entry dated October 30, 2007 (case number 502592).

The protection against double jeopardy is enshrined in the Fifth Amendment and made enforceable against the states through the Fourteenth Amendment.  <u>Benton v. Maryland</u>, 395 U.S. 784, 794 (1969); <u>Rogers v. Lynaugh</u>, 848 F.2d 606, 611 (5th Cir. 1988).  The United States Supreme Court has explained:

> That guarantee has been said to consist of three separate constitutional protections.  It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense.

<u>North Carolina v. Pearce</u>, 395 U.S. 711, 717 (1969) (footnotes omitted), <u>overruled in part on other grounds</u>, <u>Alabama v. Smith</u>, 490 U.S. 794, 802-03 (1989); <u>see also</u> <u>Department of Revenue v. Montana</u>, 511 U.S. 767, 769 n.1 (1994).

As an initial matter, the Court notes that it cannot be gleaned with certainty from the record whether the victim in each case was the same person.  Petitioner sexually abused two young brothers, both of whom had the initials of "W.S."  Obviously, if the instant case was based on the abuse of one brother and case number 502592 was based on the abuse of the other brother, the fact of the different victims would alone defeat a double jeopardy claim.  <u>See, e.g.</u>, <u>Miller v. Turner</u>, 658 F.2d 348, 350-51 (5th Cir. 1981); <u>Tyson v. Quarterman</u>, Civ. Action Nos. 4:08-CV-002 and 08-CV-044, 2009 WL 111677, at *4 (N.D. Tex. Jan. 16, 2009).

However, even if the victim in each of two cases was in fact the same person, petitioner still has no valid double jeopardy claim.  As noted, the charge in the instant case was based on a sexual act which occurred in June of 2005, while the charge in case number 502592 was based on a sexual act which occurred some six months earlier.  Because each sexual act constituted

a separate and distinct violation of the victim, the convictions are for separate offenses and no double jeopardy violation exists.  See Blockburger v. United States, 284 U.S. 299, 301-03 (1932); McBride v. Bremer, No. 94-50372, 1994 WL 612805, at *2 (5th Cir. Oct. 28, 2004).

In light of the foregoing, petitioner cannot show that the state court decision rejecting his double jeopardy claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Accordingly, under the deferential standards of review mandated by the AEDPA, this Court must likewise reject his claim.

Lastly, out of an abundance of caution, the Court further notes that petitioner also argues that his conviction violated the *state*-law protections against double jeopardy.  This Court need not, and does not, reach that issue because any such violation of state law would be irrelevant here.  Federal *habeas corpus* relief may be granted only to remedy violations of the *federal* Constitution and laws of the United States; mere violations of *state* law will not suffice.  28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petitions for federal *habeas corpus* relief filed by Lee A. Brown be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415,

1430 (5th Cir. 1996) (en banc).[17]

      New Orleans, Louisiana, this twenty-ninth day of August, 2011.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

    [17] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.